UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JACQUES POPE ROSS                                    Case No: 1:20-CV-01935

                    Plaintiff,           Hon. Brian Cogan

    -against-

                                               **JOINT DISCOVERY PLAN**

METROPOLITAN TRANSPORTATION
AUTHORITY LONG ISLAND RAILROAD,

                    Defendants.
------------------------------------------------------X

**1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.**

Plaintiff alleges that pursuant to the American With Disabilities Act of 1990, Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law, he was discriminated against on the basis of his actual or perceived disability (urinary retention disorder), together with retaliation, failure to engage with the interactive process and/or interactive dialogue, failure to provide a reasonable accommodation, and wrongful termination. Plaintiff was randomly selected for a drug test and was not accommodated subsequent to failing to produce a sufficient amount of urine and providing medical documentation to Defendant.

Defendant The Long Island Rail Road Company (LIRR) s/h/a Metropolitan Transportation Authority Long Island Railroad, denies any discrimination or retaliating against Plaintiff under the above statutes and asserts the following affirmative defenses: the Amended Complaint fails to state a claim; Plaintiff's claims are barred by the applicable statutes of limitations and also by a tolling agreement entered into between the Parties; that the allegations in Plaintiff's Amended Complaint fail to state a claim; that Plaintiff failed to disclose his alleged disability and engage in the interactive employment;.all allegations of wrongdoing and submit that all employment actions taken with respect to Plaintiff were based on legitimate business reasons.

**2. Have settlement discussions taken place?**

The parties have not engaged in any productive settlement discussions at this time. Plaintiff issued a demand of $350,000. In response, LIRR advised Plaintiff of its evaluation of the case as nuisance value at best. Given the difference between the parties, LIRR did not make a counter-offer. Plaintiff believes that additional discovery is needed before effective settlement discussions can take place.

3. **Mandatory Disclosures**

The parties are in the process of exchanging the information required by Fed. R. Civ. P. 26(a)(1).

4. **Describe any discovery conducted other than the above disclosures.**

After Plaintiff's 50H hearing and before the commencement of this action, LIRR provided Plaintiff with a transcript of Plaintiff's 50H hearing.

5. **Describe any Motions any party may seek to make prior to the completion of discovery.**

Defendant plans to seek permission to move to dismiss the Amended Complaint on statute of limitations grounds. Any motions to amend or add parties will be filed by November 9, 2020.

6. **The parties propose the following:**

(a) Plaintiff needs discovery is needed on the following subjects: **Plaintiff's performance, LIRR's knowledge of Plaintiff's alleged disability, and termination. LIRR needs discovery on Plaintiff's allegedemotional distress and mitigation efforts**
Should discovery be conducted in phases: Defendant **proposes that expert discovery take place following any dispositive motion.** LIRR does not object.

(b) Number of Interrogatories: **25;**

(c) Number of Depositions: **Plaintiff 10; Defendants 6;**

(d) Plaintiff's expert report due: **TBD by the Court following dispositive motions;**

(e) Defendant's expert report due: **TBD by the Court following dispositive motions;**

(f) Motions to Amend or to Add Parties to be filed by: **November 9, 2020;**

(g) Dispositive Motions to be served **within 60 days of completion of fact discovery;**

(h) Factual discovery to be completed by: **March 9, 2021**

(i) Expert discovery to be completed by: **TBD by the Court following dispositive motions.**

(j) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders: **The parties will enter into a Stipulation of Confidentiality to be So Ordered by the Court after review.**

(k) A pretrial conference may take place on: **TBD by the Court;**

(l) Trial by jury or non-jury Trial? **Trial by Jury;**

(m) Trial date: **TBD by the Court.**

**7. Do you anticipate any discovery problems?**

The parties do not anticipate any discovery problems at this time.

**8. Do you anticipate any special discovery needs?**

The parties do not currently anticipate any special discovery needs.

**9. State whether this case is appropriate for voluntary arbitration, mediation, appointment of a special master or other special procedure.**

The parties may wish to attempt mediation following paper discovery and/or after several key depositions.

10. **Is this case appropriate for bifurcation?** No.

11. We do **not** consent to trial being conducted by a Magistrate Judge.

Dated: New York, New York
September 14, 2020

| | |
|---|---|
| **METROPOLITAN TRANSPORTATION AUTHORITY LONG ISLAND RAILROAD** | **PHILLIPS & ASSOCIATES, PLLC** |
| Attorneys for Defendants | Attorneys for Plaintiffs |
| By: /s/ Priscilla Lundin<br>Priscilla Lundin<br>Law Department 1143<br>Jamaica, NY<br>(718)-558-8246 | By: /s/ Jesse Weinstein<br>Jesse S. Weinstein, Esq.<br>45 Broadway, Suite 430<br>New York, New York 10006<br>(212) 248-7431 |