| Jamaica Station | Phillip Eng | Paige Graves |
|---|---|---|
| Jamaica, NY 11435-4380 | President | Vice President, General Counsel & Secretary |
| 718 558-8254 Tel | | |
| 718 657-9047 Fax | | |



# Long Island Rail Road

Writer's Direct Dial: Cell: 917-843-9422
Writer's Fax: 718-558-8211

September 14, 2020

BY ECF

Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:    *Jacques Pope Ross v. Metropolitan Transportation Authority Long Island Railroad,* 1:20-cv-01935

Dear Judge Kogan:

I am writing on behalf of Defendant, The Long Island Rail Road Company ("LIRR"), s/h/a Metropolitan Transportation Authority Long Island Railroad, pursuant to Your Honor's Order dated September 14, 2020 (the "Order"). My apologies to the Court for the acknowledged deficiencies, which necessitated the Order, in LIRR's portion of Paragraph 1 of the Joint Discovery Plan.

The following supplemental information is based upon LIRR records, applicable regulations of the Federal Railroad Administration ("FRA") and the LIRR Alcohol and Substance Abuse Policy, all of which will be provided to Plaintiff in discovery.

LIRR's conduct with respect to Plaintiff, who held a safety-sensitive DOT-regulated position, was, at all times, in compliance with applicable FRA regulations and company policy on alcohol and substance abuse. Plaintiff was selected for a random drug test at the LIRR Medical Facility. His first urine sample was rejected because it was out of temperature. He was unable to provide a second sample under direct observation as required, within three hours of the first sample and after being provided with sufficient water. Plaintiff was then given the opportunity to provide medical documentation to the LIRR Medical Review Officer ("MRO") that would establish a high probability that Plaintiff had a valid medical reason for his inability to provide a second sample. However, the medical documentation that Plaintiff provided did not, in the judgment of the MRO, provide an adequate basis for the MRO to make that determination. Plaintiff was therefore advised that his probationary LIRR employment was terminated on April 13, 2019, for failing a federal random drug test.

In accordance with applicable FRA regulations, Plaintiff subsequently requested, and received, a hearing to contest the finding that, based on the foregoing facts and circumstances, he had refused

*The agencies of the MTA*
MTA New York City Transit     MTA Metro-North Railroad     MTA Capital Construction
MTA Long Island Rail Road     MTA Bridges and Tunnels     MTA Bus Company

to test. Plaintiff provided additional medical documentation which the MRO reviewed. By letter dated July 3, 2019, Plaintiff was notified that the termination of his probationary employment effective April 13, 2019, for having violated a federal random drug test was upheld; this letter provided further that the MRO determined that the medical documentation Plaintiff provided on June 13, 2019, was normal and did not constitute a valid medical reason for his inability to provide a sufficient urine sample.

I hope that the foregoing is sufficient to correct the deficiencies in LIRR's portion of Paragraph 1 of the Joint Discovery Plan. The opportunity given by the Court to do so is very much appreciated.

                Respectfully,

                /s/ Priscilla Lundin


                Priscilla Lundin
                General Attorney, LIRR Law Department

cc: Counsel of Record