C/M

C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
:
JACQUES POPE ROSS, : **MEMORANDUM DECISION**
: **AND ORDER**
Plaintiff, :
: 20-cv-2935 (BMC)
- against - :
:
METROPOLITAN TRANSPORTATION :
AUTHORITY LONG ISLAND RAILROAD, :
:
Defendant. :
----------------------------------------------------------- X

**COGAN**, District Judge.

In this employment discrimination case, plaintiff's counsel sought to withdraw from representation on January 12, 2021 because he had been unable to reach his client since October 26, 2020 despite multiple attempts at communication. I entered an order advising plaintiff that if he did not file an opposition to the motion, have new counsel appear on his behalf, or advise the Court that he would proceed without counsel by January 29, 2021, the action may be dismissed as abandoned. When plaintiff did not respond by February 1, 2021, I granted counsel's motion to withdraw and ordered plaintiff to show cause by March 1, 2021 why the case should not be dismissed as abandoned. Plaintiff failed to respond to the second order as well.[1]

"The Second Circuit has directed district courts to consider five factors, none of which is dispositive, in deciding whether to dismiss an action for failure to prosecute: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) the likelihood that the defendant will be prejudiced by further delay; (4) the balance between the need to alleviate court calendar

---

[1] Counsel served copies of both orders on plaintiff by mail and email.

congestion and the plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions." Lopez v. Smurfit-Stone Container Enter., Inc., 289 F.R.D. 103, 104–05 (W.D.N.Y. 2013) (citing United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)).

Each factor weighs in favor of dismissal here. First, this case has been delayed for nearly five months due to plaintiff's failure to prosecute the case. See Cain v. Simon & Schuster, No. 11 CIV. 4460, 2013 WL 1608620, at *3 (S.D.N.Y. Apr. 15, 2013) ("In general, failure to prosecute for durations between two and five months have been found to be insufficiently long to weigh in favor of dismissal, while durations of five to eight months are usually sufficient."); Lopez v. Catholic Charities of Archdiocese of N.Y., 2001 WL 50896, at *3–4 (S.D.N.Y. Jan. 22, 2001) (dismissing action where plaintiff failed to advance claim for three months and failed to respond to court orders). Second, the Court has issued two notices to plaintiff regarding the risk of dismissal; further attempts to warn plaintiff would be futile due to his inaccessibility. See Caussade v. United States, 293 F.R.D. 625, 629 (S.D.N.Y. 2013). Third, "[w]here a plaintiff has become inaccessible for months at a time, courts presume prejudice." Id. at 630 (collecting cases). Fourth, although plaintiff has an important right to be heard, he has demonstrated little interest in prosecuting the case. "It is not an efficient use of the Court's or [defendant's] resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." Davison v. Grillo, No. 05-CV-4960, 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006). Fifth, lesser sanctions would be futile because plaintiff is neither in communication with

the Court nor responding to its orders.  See Caussade, 293 F.R.D. at 631.

Accordingly, this action is dismissed for plaintiff's failure to prosecute.

**SO ORDERED.**

_Digitally signed by Brian M. Cogan_
U.S.D.J.

Dated: Brooklyn, New York
       March 8, 2021